## HUGHES et al. v. FREILEY. (No. 7858.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 21, 1927.

Evidence ☞236(1)—In partition suit, evidence of declarations and admissions of cotenants since deceased, relative to ownership of land, was inadmissible.

In suit for partition, evidence of declarations and admissions of cotenants since deceased, relative to ownership of the land in question, was inadmissible as dangerous, and denounced by law.

Appeal from District Court, Rains County; J. M. Melson, Judge.

Suit for partition by U. S. Freiley against J. H. (Bob) Hughes and others, in which Homer Jackson and others intervened. Judg-

ment for plaintiff and interveners, and defendants appeal. Affirmed.

O. H. Rodes, of Emory, Clark, Harrell, & Starnes and Joseph F. Nichols, all of Greenville, and T. R. Potts, of Emory, for appellants.

Bruce M. McMahan, of Greenville, and A. P. Dohoney, of Paris, for appellee.

FLY, C. J. This is a suit by appellee against J. H. (Bob) Hughes, Lula Hughes, feme sole, Mrs. M. L. Thornton and husband, W. F. Thornton, and Mrs. Lillie Mae York and husband, J. W. York, to partition five certain tracts of land in Rains, the first containing 160 acres of land out of the Thos. D. Brooks survey; the second one-half of 320 acres off the same survey; the third 55 acres, less 40 acres; the fourth 110 acres off the Thos. Lake survey, and the fifth being three-fourths of 640 acres off the Delay survey.

Homer Jackson and some seventeen others intervened in the suit, seeking a partition of one-fifth of a certain 40 acres of land. The cause was heard without a jury, and partition granted as prayed for by plaintiffs and interveners.

The pleadings are quite voluminous covering 62 typewritten pages of the transcript, and the judgment is long, and somewhat complicated. The amended petition gives the genealogy of the family of James Hughes and Charlotte Hughes, the parents of J. H. (Bob) Hughes, Lula Hughes, Mrs. M. L. Thornton, and Maud Hughes and fully sets forth all the facts from the client's viewpoint that would justify the partition sought by him.

The court made a full finding of facts, and gave his conclusions of law deemed applicable thereto, except on the question of the parol gift of her interest in the land by Maude Hughes, deceased, to her sister Louisa Hughes. The evidence failed to show such a parol gift with accompanying possession and improvements as would constitute a legal or equitable title to the land owned by her. If any gift was made, it was one contingent on death, and was in the nature of a verbal will not made according to law. There is evidence to sustain the findings of fact, and with certain emendations they are approved as the conclusions of fact of this court.

The findings are as follows:

"J. H. Hughes, commonly known as Major Hughes, departed this life in Rains county, Tex., on the 4th day of March, 1884, testate; that he left surviving him his wife, Charlotte Hughes, formerly Charlotte Byford, to whom he was married in July, 1869, and four children, the issue of their marriage, to wit, Mary L. Hughes, now the wife of W. F. Thornton, J. H. Hughes, Jr., Louisa Jane Hughes and Maude Hughes. That James H. Hughes, at the time of his death, owned in his own right, and being his separate property, 160 acres of the James W. Lake survey, 160 acres of the Joseph Glass survey, 15

acres of the T. D. Brooks survey, an undivided three-fourths interest in 640 acres of the Delila Delay survey, and 110 acres of the Thomas Lake survey—all situated in Rains county, Tex. That at the time of the death of James H. Hughes he and his wife, Charlotte Hughes, owned 105 acres, part of the Thomas D. Brooks survey, known as the William James tract, and an undivided one-fifth interest in a 40-acre tract of the Thomas D. Brooks survey, known as the Byford tract, and owned or held some claim or interest not clearly shown by the evidence in 160 acres, part of the N. G. Crittendon survey, all of which was community property of James H. Hughes and his surviving wife, Charlotte Hughes.

"Mrs. Charlotte Hughes, afterwards Mrs. Charlotte Freiley, was not put upon her election under the will of James H. Hughes, deceased.

"At the time of the death of James H. Hughes, his surviving wife, Charlotte Hughes, was entitled to a lifetime interest in the homestead, and to one-half of the community property, real and personal, of herself and her deceased husband, James H. Hughes.

"About the year 1870 or 1871 James H. Hughes sold and conveyed to Louisa Byford the 40 acres of land out of the T. D. Brooks survey, known as the Byford tract, and soon thereafter Louisa Byford and her husband, William Byford, went in possession of said land, erected a dwelling house thereon, and continued to occupy same as a homestead until the death of Louisa Byford, in about the year 1878, and that thereafter the husband, William Byford, continued to use and occupy said land and premises as his homestead until the time of his death on or about January 1, 1888, and said 40 acres of land was the community property of Louisa Byford and her husband, William Byford.

"After the death of Louisa Byford, James H. Hughes, by purchase, acquired the interest of Wesley Byford, a son of Louisa Byford and William Byford, in said 40 acres of land, same being an undivided one-fifth interest in said 40 acres; and said one-fifth interest so purchased was the community property of James H. Hughes and his wife Charlotte Hughes, at the time of the death of said James H. Hughes.

"After the death of James H. Hughes, his surviving wife, Charlotte Hughes, and their four children, to wit, Mary L. Hughes, J. H. Hughes, Jr., Louisa Jane Hughes, and Maude Hughes, continued to live together in the old Hughes homestead situated on the Joseph Glass survey for a number of years, and, after the marriage of Mrs. Charlotte Hughes to the plaintiff, U. S. Freiley, they and the defendants, J. H. Hughes and Louisa Jane Hughes and Maude Hughes, continued to live and reside in the old Hughes residence, using altogether and jointly the 160 acres of the Joseph Glass survey, the 160 acres of the James W. Lake survey, and about 120 acres of the T. D. Brooks survey as a homestead; and, after the marriage of Mary L. Hughes, now Mary L. Thornton, she and her husband went into possession of 68 acres, part of the T. D. Brooks tract, put same in cultivation, and built a house thereon, in which she and her husband resided for a time, and has continued to use and control same to the time of the trial of this case; and several years prior or to the death of Mrs. Charlotte Freiley she and her husband, U. S. Freiley, the plaintiff herein, and the defendants Louisa Jane Hughes

and J. H. Hughes, Jr., built a residence situated on the T. D. Brooks tract, a short distance east of the 40-acre tract known as the Byford tract. Thereafter Mrs. Charlotte Freiley and her husband, U. S. Freiley, the plaintiff herein and the defendants J. H. Hughes, Jr., and Louisa Jane Hughes, continued to reside together in the new house built by them, and to use the 160 acres of the Joseph Glass survey, the 160 acres of the James W. Lake survey, and the 120 acres of the T. D. Brooks survey, except the 68 acres occupied by Mary L. Thornton and her husband, using same jointly as the family homestead until the time of the death of Mrs. Charlotte Freiley on the 25th day of May, 1921, and limitation had not run in favor of or against any of the parties in reference to said tracts of land.

"The evidence is insufficient to support the alleged parol gift from Maude Hughes, deceased, to Louisa Hughes, of Maude Hughes' interest in the estate of her father, James H. Hughes, deceased.

"Louisa Hughes, a single daughter of James H. Hughes and Charlotte Hughes, afterwards Mrs. Charlotte Hughes Freiley, continued to reside with her mother on the old James H. Hughes homestead for many years in the house where the father, James H. Hughes, and his wife, Charlotte Hughes, were residing at the time of his death, and afterwards in the house built by Mrs. Charlotte Freiley and her husband, U. S. Freiley, and Louisa Jane Hughes, until the time of the death of Mrs. Charlotte Freiley, and, since the death of Mrs. Charlotte Freiley, the daughter, Louisa Jane Hughes, has continued to reside in the house built by them and on land which constituted the family homestead of James H. Hughes, deceased, and his wife, Charlotte Hughes, afterwards Mrs. Charlotte Freiley. That since the death of Mrs. Charlotte Freiley on the 25th day of May, 1921, the plaintiff, U. S. Freiley, has at no time abandoned their homestead or done any act that would constitute an abandonment of his homestead rights.

"At the time of the death of James H. Hughes, deceased, the community property or estate of James H. Hughes and his wife, Charlotte Hughes, afterwards Mrs. Charlotte Freiley, consisted of 105 acres, part of the T. D. Brooks survey, known as the William James tract, and an undivided one-fifth interest in 40 acres of the T. D. Brooks survey, known as the Byford tract, and some claim or interest not clearly shown in 160 acres, part of the N. G. Crittendon survey, known as the Cage Ivey tract, and personal property consisting of household goods and kitchen furniture, and live stock, all of which was the community property of James H. Hughes and his wife, Charlotte Hughes, at the time of his death.

"Miss Maude Hughes, the youngest daughter of James H. Hughes and Charlotte Hughes, afterwards Charlotte Freiley, departed this life in Rains county, Tex., at the homestead of her mother, Mrs. Charlotte Freiley, and her husband, U. S. Freiley, the plaintiff herein, on the 4th day of October, 1902, and she died in the state, leaving as her sole and only heirs, her mother, Mrs. Charlotte Freiley, two sisters and one brother, Mrs. Mary L. Thornton, Louisa Jane Hughes, and J. H. Hughes, Jr., and one sister of the half blood, Lillie Mae Freiley, then a minor, now Mrs. Lillie Mae York.

"After the death of Maude Hughes, deceased,

her mother, Mrs. Charlotte Freiley, parted with all title and interest she had in the Delila Delay survey of 640 acres of land, and all title she had is now owned and held by the defendant Louisa Jane Hughes, and Mrs. Charlotte Freiley, after the death of Maude Hughes, parted with all title and interest she had in the 110 acres of the Thomas Lake survey.

"Defendant J. H. Hughes, Jr., and Louisa Jane Hughes, who holds under him, has had and held possession of the 160 acres, part of the N. G. Crittendon survey (known as the Cage Ivey place), using, occupying, cultivating, claiming, and enjoying same for more than ten years next before the death of Mrs. Charlotte Freiley, and said land was no part of the homestead of James H. Hughes and wife, Charlotte Hughes.

"At the time of the death of Mrs. Charlotte Freiley, she and her husband, the plaintiff herein, owned a small amount of personal property consisting of household goods, kitchen furniture, and live stock, all of which was taken possession of by the defendant, Louisa Jane Hughes, except one horse, which the plaintiff, U. S. Freiley, retained possession of; and the defendant Louisa Jane Hughes paid the funeral expenses of her mother, Mrs. Charlotte Freiley. And the personal property so taken possession of by the defendant Louisa Jane Hughes was not more than sufficient in value to reimburse her for the amount paid by her for funeral expenses of Mrs. Charlotte Freiley, deceased.

"Mrs. Louisa Byford departed this life in about the year 1878, and her husband, William Byford, departed this life on or about the 1st day of January, 1888. There were five children the issue of their marriage, to wit, John Byford, a son, who died in 1875, and at the time of his death left surviving him two sons, Charlie Byford and H. F. Byford, and one daughter, Lela Byford. Charlie Byford died many years ago, was never married, and left no issue. Lela Byford married Earl Bailey, and H. F. Byford and Mrs. Lela Bailey, interveners herein, are the only surviving heirs of John Byford, deceased, and are grandchildren of Louisa Byford and William Byford, deceased. Wesley Byford, a son, after the death of Louisa Byford, sold and conveyed his undivided one-fifth interest in the 40 acres of land of the Thomas D. Brooks survey, known as the Byford tract, to James H. Hughes. Wesley Byford departed this life about 16 years ago. Charlotte Byford, a daughter, who married James H. Hughes, and afterwards married U. S. Freiley, plaintiff herein, departed this life on the 25th day of May, 1921, and left surviving her as her sole and only heirs her husband, U. S. Freiley, J. H. Hughes, Jr., Mrs. M. L. Thornton, formerly M. L. Hughes, Miss Louisa Jane Hughes, and Mrs. Lillie Mae York, each of whom are grandchildren of Louisa and William Byford, deceased, Martha Byford, who married George Owens, and there were two children the issue of their marriage, Bettie Owens, now Mrs. Bettie Sexton, a daughter, and George Owens, Jr., a son, and Willie Byford, a son by a second marriage. Martha Byford died in about the year 1882, and left surviving her, her second husband, Ben Byford, and three children, Bettie Owens, George Owens, Jr., and Willie Byford. The husband, Ben Byford, died thereafter, and, after the death of Ben Byford, the son Willie Byford died, without issue, and the interveners Mrs. Bettie Sexton and George Owens, Jr., are the sole and only heirs of Martha Byford, deceased, and are grandchildren of

Louisa Byford and William Byford, deceased. Bettie Byford, a daughter, married J. B. Jackson, and she departed this life on the 4th day of March, 1893, and left surviving her the following children: George Jackson, Will Jackson, John Jackson, Homer Jackson, Clyde Jackson, Bert Jackson, James Jackson, and Annie Jackson, now Mrs. Annie Briscoe, all of whom are interveners herein, except Will Jackson, who is dead, each of whom are sons and daughters of Mrs. Bettie Jackson, formerly Bettie Byford, and are grandchildren of Louisa and William Byford, deceased. Will Jackson is dead, and left surviving him three children, Clara Jackson, now Mrs. Leonard Owens, Lillie Jackson, now Lillie Bryant, and Aubrey Jackson, a son, each of whom are granddaughters and grandson of Mrs. Bettie Jackson, formerly Bettie Byford, deceased, and are great-grandchildren of Louisa Byford and William Byford, deceased.

"There was no valid oral partition between Mrs. Charlotte Freiley and her husband, U. S. Freiley, and Maude Hughes, deceased, and the defendants M. L. Thornton and her husband, W. F. Thornton, J. H. Hughes, Jr., and Louisa Jane Hughes.

"Mrs. Charlotte Freiley, deceased, and the defendants Mrs. M. D. Thornton, J. H. Hughes, Jr., Louisa Jane Hughes, and Lillie Mae York were each part owners and tenants in common of the 160 acres of the James Lake survey; 160 acres of the Joseph Glass survey; and 120 acres of the Thomas D. Brooks survey, all fully described in plaintiff's petition, and limitation had not run.

"Mrs. Charlotte Freiley and the defendants J. H. Hughes, Jr., Mrs. M. L. Thornton, Miss Louisa Jane Hughes, and Mrs. Lillie Mae York, and the interveners Mrs. Bettie Sexton, George Owens, Jr., H. F. Byford, Mrs. Lela Bailey, George Jackson, Clyde Jackson, Bert Jackson, John Jackson, James Jackson, Mrs. Annie Briscoe, Mrs. Clara Owens, Mrs. Lillie Jackson Bryant, and Aubrey Jackson, were joint owners and tenants in common of the 40 acres of land, part of the Thomas D. Brooks survey, described as the Byford 40-acre tract, and limitation has not run.

"Maude Hughes departed this life on the 4th day of October, 1902, at the time of her death she left surviving her, her mother, then Mrs. Charlotte Freiley, one brother, J. H. Hughes, Jr., two sisters, Mrs. M. L. Thornton and Miss Louisa Jane Hughes, and one sister of the half blood, Miss Lillie Mae Freiley, then a minor, and who has since married J. W. York, as her sole and only heirs at law.

"At the time of the death of Miss Maude Hughes, deceased, she, by inheritance under the will of her father, James H. Hughes, deceased, was the owner of an undivided one-half interest in 160 acres of the James Lake survey; 160 acres of the Joseph Glass survey; 15 acres off of the East side of a 55-acre tract out of the Thomas D. Brooks survey conveyed to James H. Hughes, deceased, by G. C. Ivey, and was the owner of an undivided one-eighth interest in 105 acres of the Thomas D. Brooks survey, known as the William James tract, which the court finds community property of James H. Hughes, deceased, and his wife, Charlotte Hughes, and was the owner of an undivided one-eighth interest in an undivided one-fifth interest in 40 acres of the Thomas D. Brooks survey, known as the Byford tract, and

being the undivided one-fifth interest in said 40-acre tract purchased by James H. Hughes, deceased, from Wesley Byford, and which was community property of James H. Hughes, deceased, and his wife, Charlotte Hughes.

"By an agreement in writing filed in this case, it was agreed by the plaintiff, U. S. Freiley, and the defendants J. H. Hughes, Jr., Miss Louisa Jane Hughes, and Mrs. M. L. Thornton and her husband, W. F. Thornton, each acting by their respective attorneys, that the 105 acres of the Thomas D. Brooks survey of land, described as the William James tract, was owned by James H. Hughes, deceased, prior to his marriage with Charlotte Byford, and said agreement is binding on the plaintiff, U. S. Freiley, but the defendant Lillie Mae York and her husband, J. W. York, who reconvened herein are not parties to said agreement, and therefore are not bound thereby."

The evidence as to a partition of the estate depended largely on hearsay evidence of people who were dead, and did not show adverse possession in the claimants in the land and such improvements as would sustain a parol partition.

The different parties who claimed to own interests in the land lived on the land as joint tenants, and did nothing to indicate exclusive and adverse claims to any portion of the land. The minor, Maude Hughes, was not, and could not have been, a party to the partition, and there was no act of hers to indicate a ratification of the parol partition. The evidence failed to show a parol gift on her part of her land to her sister, Lula J. Hughes.

The court no doubt rejected the testimony of the declarations and admissions of the mother, Mrs. Freiley, and of the sister, Maude, both deceased. Such evidence is not only dangerous, but is denounced by law.

There are facts upon which to base the finding that Mrs. Freiley and her children lived in and around the old Hughes home and the new home built by her near the same spot until the time of her death in 1923 without any division of the Hughes' estate.

There is no merit in any of the propositions, and the judgment will be affirmed.